Parsons, C. J.
The plaintiffs have declared in case on a submission to arbitrators of divers lawsuits, actions, controversies, quarrels, and disputes, then pending between them and the defendant in the Court of Common Pleas, and on mutual promises that the award should be delivered to one Jonathan Greeley, Esq.; that judgment thereon should be final, and that the parties would abide by and perform the award. The plaintiffs further allege that the arbitrators, pursuant to the submission, awarded that the defendant pay the plaintiffs 58 dollars 73 cents, and deliver a cow to one of the *393 plaintiffs, and pay costs of reference in full of the two actions submitted ; that the award was left with Greeley, but that the defendants had refused to pay the plaintiffs the money awarded.
To prove this declaration, a paper was offered in evidence, in which is recited, that the defendant had commenced an action of trespass against the plaintiffs, and also another action against one of the plaintiffs, which had been entered in the Court of Common Pleas; but this recital is not signed by the defendant. Then follows an agreement of all the parties to submit those two actions, that the report shall be made to Greeley, and judgment thereon be final. This paper the judge rejected as irrelevant.
*It is not very easy to determine what the parties [*449] intended by their agreement. It resembles, in most respects, a reference acknowledged before a justice of the peace pursuant to the statute of 1786, c. 21. But the demand made by Stevens is not signed by him ; and the report is not to be made to the Court of Common Pleas, but to a justice. Probably the parties intended a new kind of submission, and on the award the justice was to enter judgment and issue execution. This being found against law, the plaintiffs are now attempting to enforce the award by an action at law, upon an implied contract to perform it.
It is a general rule that, when the parties have made an express contract, the law will not imply a contract. How far this rule will apply when the express contract is of such a nature that no remedy will lie for a breach of it, when at the same time there is a sufficient consideration to support an implied contract, may be a question. But in this case it is not necessary to determine it.
It is manifest that nothing was intended to be submitted, but two actions commenced by the defendant. No demands of the plaintiffs against him were submitted, unless, perhaps, a claim for costs in those actions. Yet the referees awarded that the plaintiffs should recover of the defendant a sum of money, and that one of the plaintiffs should recover of him a cow. The arbitrators have exceeded their powers, and the award is not warranted by the submission. The evidence offered of the submission was properly rejected, as having no tendency in law to support the plaintiff’s action

Judgment according to verdict