# SUPREME JUDICIAL COURT

FOR THE COUNTY OF

# CUMBERLAND.

## MAY TERM,

## 1827.

---

## ROUNDS vs. BAXTER.

Where one contracted to give to another a deed of land, upon his punctually pay-
ing certain sums of money by instalments, some of which were paid, and the
rest neglected ; whereupon the owner of the land sold it to a stranger ; it was
holden that the party who had paid part of the money could not recover it back;
the non-performance of the contract not having been caused by the fault of the
other party, nor the contract, on his part, waived or rescinded.

THIS was an action of *assumpsit*, upon a written memorandum
of a contract made between the parties, *August* 8, 1819, by
which the defendant agreed to convey to the plaintiff a certain
parcel of real estate in *Portland* ; stating that he had received
twenty four dollars in part payment ; and was to receive twenty
six more, in thirty days, twenty more in one year, and eighty
dollars more in three subsequent annual instalments ; and that
the plaintiff was to give the defendant good security when the
deed was given. It was signed by the defendant only.

At the trial, which was before the Chief Justice upon the gen-
eral issue, it appeared that only ten dollars of the first instalment
had been paid according to the contract ; that none of the other
instalments had been paid or tendered as they fell due, or secur-

ity given or offered therefor ; and that after several of the instalments had become due, and were not paid, the defendant conveyed the premises to one *Thomes*.

Proof of various kinds was offered by the plaintiff to shew that the defendant had waived all objections to the plaintiff's omission to comply with the terms of the contract ; and it appeared also that in *May* 1822 he offered to give the plaintiff a deed of the land, if he would then pay or secure the payments of the purchase-money according to the contract ; which offer was not accepted, nor the terms complied with.   This evidence the chief justice left to the jury ; instructing them that if, in their opinion, the defendant had waived all objection on that score, he could not now legally urge that objection against the plaintiff's right to recover upon the special contract.   But if not, then the action could not be maintained on that contract.   On the count for money had and received, he instructed the jury that the plaintiff could not recover back the money he had paid in part performance, unless the defendant either had consented to waive and rescind the special contract, or was the cause of its non-performance.   And whether either of these was the fact, was for them to decide.   They returned a verdict for the defendant ; which was taken subject to the opinion of the court upon the correctness of the instructions given to the jury.

*Longfellow* and *Daveis*, for the plaintiff, argued that the paper was void as a contract ; for want of mutuality ; and because it was evidently an unfinished transaction.   It was therefore only evidence of money received by the defendant, which he is liable to refund, upon the general count in the writ.

But if it was valid as a perfect contract, they contended that the stipulations were independent; and that the defendant, having disabled himself to perform, by conveying the land to a stranger, was liable instantly to the plaintiff, for the monies already advanced to him.   The plaintiff was not bound to wait till after the last day of payment; when his remedy might become worthless; but was at liberty to consider the defendant as having rescinded the contract, by the alienation of the land.   The omission of

the plaintiff to pay the instalments as they fell due, was no evidence of rescinding the contract on his part ; since it was simply an omission, for which the plaintiff had his remedy at law.

*Greenleaf* and *Adams,* on the other side, contended that the contract was perfect and entire between the parties ; and that the plaintiff, though he had not signed it, could not now be admitted to deny its validity, having alleged on the record that it was a mutual agreement. *Clason v. Bailey & al.* 14 *Johns.* 484. And the stipulations were mutual ; the defendant being bound to give a deed, only on payment of the money, or receiving security. Neither of these being done, and the plaintiff having deserted the contract, the defendant was at liberty both to sell the land to another, and retain the money paid by the plaintiff. *Faxon v. Mansfield* 2 *Mass.* 147. *Seymour v. Dennett* 14 *Mass.* 266. *Stark v. Parker* 2 *Pick.* 267.

MELLEN C. J. delivered the opinion of the court.

The contract upon which the special counts are founded is drawn in a very clumsy and imperfect manner ; but its meaning may be easily understood ; and it is evident that the counsel who drew those counts did understand what must have been the fair intention of the parties. The essence of the agreement was that for a certain sum of money, (of which $24 were paid to the defendant at the date of the agreement, in part,) payable by several annual instalments, for which good security was to be given, the defendant agreed to release to the plaintiff all his right and title to certain real property in *Portland,* at the time of receiving such good security. The obligation of the defendant to make the release was conditional ; and the condition was to be previously performed by the plaintiff. So the bargain was understood ; and accordingly, in each of the special counts, there is an averment that such condition had been duly performed, or that all things which it was incumbent on the plaintiff to perform, had been performed. The case finds that not one of the instalments was paid or tendered in season, and it is not pre-

Rounds v. Baxter.

tended that any kind of security was ever given or tendered.
The question as to a waiver of objection was properly left to the
jury, and they have decided it against the plaintiff.   On these
facts, and on legal principles, it is very clear that no action can be
maintained on the special contract.

The only remaining question is, whether, on the general counts,
the plaintiff has a right to recover back the sums he paid towards
the performance of his agreement.  On this point the case finds that
the defendant never consented to waive or rescind the special con-
tract, and was not the cause of its nonperformance ;   or, in other
words, the jury by their verdict, under the instruction they receiv-
ed, have so settled those facts.   The failure in the article of per-
formance, then, was owing to the plaintiff's own fault, negligence
or inattention, and  we are  to  decide  whether  the law, in such
circumstances, will furnish him an  indemnity against the conse-
quences of this fault, negligence or inattention.    It is a proverbial
principle that a man is not permitted, in a court of justice, to take
advantage of his own wrong or neglect.    The principle is founded
in the highest reason.   If a man,  after he  has  made a fair con-
tract, and partially fulfilled  it, may, without  the consent, or any
fault, on the part of him with whom he has contracted, rescind the
agreement,  excuse himself at once from all further concern
about it, and recover back whatever he has paid, he may specu-
late and disappoint and injure his neighbor whenever his  interest
or his passions may dictate ; and thus triumph over him in security
and enjoy, himself, a complete indemnity.  Justice will not sanc-
tion such a proceeding.    The cases in which one of the parties to
a contract may lawfully disaffirm and rescind it, are those in
which the other party has been in  fault, or where, by the terms
of the contract, a right to rescind it is reserved.    But in this case
we need not depend on mere reasoning,  because it has been de-
cided, in numerous instances, that such a claim as the present can-
not be sustained on legal principles.   The defendant never made
an express promise to repay the money in question; and why should
the law imply one, in favor of a man who has violated his contract,
on the part of one who stands fair and innocent ?  If a man gives
his neighbor $100, he cannot by law recover it back ; no promise

of repayment is implied. And when the plaintiff concluded not to perform his contract, but abandon it, we must consider him as waiving all claim to what he had paid, as much as if he had given it without any pretence of consideration received.

It is a general rule that when the parties have made an express contract, the law will not imply one. *Howes v. Baker* 3 *Johns* 506, 511. *Worthen v. Stevens* 4 *Mass.* 448, 449. *Whiting v. Sullivan* 7 *Mass.* 107. *Jewett & als. v. The County of Somerset* 1 *Greenl.* 125. This is the unquestionable rule where the express contract remains in force, and not rescinded by any act of the parties. In the case at bar the parties had not rescinded the express contract ; the plaintiff had merely broken his part of it ; but the defendant could, if he had so inclined, have maintained an action upon it, against the plaintiff, for his violation of it, in not paying the several sums therein named, according to the terms of it. Notwithstanding there has been some variance in the decisions on the subject now under examination, as appears at large in 1 *Dane's Abr.* ch. 9, art. 22, & seq. still the true principle, when extracted from all the cases, appears to be, that the plaintiff must go on his special contract, while it remains in force, not varied by mutual consent. See the cases as collected by him, and 2 *Phil. Ev.* 83. The principles of law in relation to this point have recently undergone a careful examination in the case of *Stark v. Parker* 2 *Pick.* 267. In that case the plaintiff agreed to work with the defendant for one year, for the sum of $120 ; worked with him a part of the year, and then left his service, without any fault on the part of the defendant. The court decided that the contract was entire, and so no action could be maintained upon that ; and they also decided that he could not renounce the express agreement, and recover upon a *quantum meruit.* In that case the plaintiff had benefitted the defendant, to the amount of about $27, by his labour, for which he could not and did not recover any thing. In the present case the plaintiff has benefitted the defendant to the amount of $34, by so much of his money ; but the principle is the same in both cases ; the defendant made no promise, nor does the law imply one from him to the plaintiff, in either case; in both the loss of the plaintiff is the consequence

of his own voluntary act, not assented to by the defendant, nor attributable to any fault or neglect on his part. We are of opinion that the instructions of the judge were correct, and that there must be

*Judgment on the verdict.*