## Robinson v. Moore.

Where arbitrators assume to make an award on matters not submitted to them, no action can be maintained on the arbitration bond for the non-performance of the award in that respect.

Arbitrators, to whom is submitted the title to property, have no power to arrange a purchase and sale of that property.

Debt on an arbitration bond, in the common form, with the usual condition to submit, abide judgment, &c.

It appeared that the parties agreed to submit the demand made by Moore against Robinson, which was annexed to the agreement of submission, to the determination of three arbitrators. The paper annexed was in these words:

Daniel Moore, of Nashville, in the county of Hillsborough, demands of William E. Robinson the building in which the said Robinson resides, and the barn belonging to the same. Also, one acre of land on which said buildings stand."

The referees awarded that Moore recover of Robinson the sum of forty dollars, to be paid in three months from the date of the award, and that Moore should execute a good and valid deed of the land and buildings to Robinson at the same time.

A verdict was taken, by consent, for the plaintiff, subject to such disposition as may be made of the case by this court.

*Dudley*, for the plaintiff.

*J. U. Parker*, for the defendant.

Parker, C. J. This is a very clear case of a departure from the authority conferred upon the arbitrators by the

submission. The demand of the plaintiff was to recover an acre of land, with the buildings thereon. The only questions submitted to the arbitrators were, whether the plaintiff ought to recover, and if so to what extent. He might have shown himself entitled to but a part of the land. The referees might have awarded to him the buildings, or one of them, leaving the defendant in possession of the rest of the property demanded. But no claim against Robinson for money was submitted, nor any claim of Robinson against Moore, and the referees had no authority to award that Moore should pay Robinson, against whom he made his claim, any sum of money, or to determine that upon the payment of a sum of money Robinson should convey the land. They might take into consideration any equities involved in the title, and were not bound to award according to the legal title of the parties. This equitable jurisdiction, however, does not extend to making an award against the claimant, against whom no award is submitted. If the claimant was not in equity entitled to the whole subject matter demanded, they could have given him a part, and perhaps have annexed conditions to his recovery. . They had no authority to arrange a purchase and sale of the property. 4 Mass. 448, *Worthen* v. *Stevens ;* 2 Bay 94, *Sessions* v. *Barfield ;* 1 Hill 490, *Butler* v. *Mayor ;* 3 Har. & J. 383, *Walsh* v. *Gilmore ;* 8 N. H. Rep. 82, *Adams* v. *Adams.* If the award consist of several matters which are distinct and separate, it may be void *pro tanto* only. But that is not this case.                    *Judgment for the defendant.*