[Civ. No. 1990. Second Appellate District.—September 28, 1916.]

## NEWHALL LAND AND FARMING COMPANY (a Corporation), Respondent, v. JULIETTE A. BURNS et al., Appellants.

VENDOR AND PURCHASER—EXTENSION OF TIME OF PAYMENT OF INSTALL-MENT OF PURCHASE MONEY—CONSTRUCTION OF AGREEMENT—TIME AS OF THE ESSENCE OF THE CONTRACT INCLUDED.—Where an agreement extending the time for making payment of an installment of the purchase price of real property expressly provided that the agreement was "subject to all of the terms, covenants, and conditions" of the original contract of sale, such provision had the effect of carrying into such agreement all of the terms and conditions of the original contract, including the provision that time was of the essence of the contract, and no express declaration in such agreement to that effect was essential.

ID.—DEFAULT—TERMINATION OF RIGHTS OF VENDEES.—Under the terms of such an extension agreement, the default in making the payment at the time therein provided, unexcused and not waived, *ipso facto* terminated the rights of the vendees under the original contract.

ID.—ACTS OF VENDEES AFTER DEFAULT—RIGHT TO DECLARE TIME OF ESSENCE NOT WAIVED.—The right to declare time of the essence of

such contract after default in making payment is not waived by the vendor in thereafter making no protest against the efforts of the vendees to sell the property and in the making of surveys, where the contract contained no requirements that the vendees should perform such acts.

ID.—TENDER OF DEED—WHEN UNNECESSARY.—Where under the terms of such a contract the deed to the property had been delivered to a third party with instructions to deliver to the grantees upon payment of the price, no further tender of the deed was necessary to declare a forfeiture upon default of the vendees.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

John C. Miles, for Appellants.

Campbell & Moore, for Respondent.

SHAW, J.—Defendants prosecute this appeal from a judgment entered in favor of plaintiff quieting its title to certain lands described in the complaint, and likewise appeal from an order of court denying their motion for a new trial of said action.

Defendants base their claim to an interest in the lands upon two contracts alleged to have been executed by plaintiff, the first of which was dated January 31, 1912, whereby plaintiff, for a consideration of seven hundred and fifty thousand dollars, to be paid as therein stipulated, agreed to sell and defendant Burns and one R. E. Muncy agreed to purchase the property in question. At the time of the making of this contract there was paid to the plaintiff the sum of five thousand dollars, and the agreement was placed in escrow with the Citizens' National Bank of Los Angeles, "to be delivered only in the event of the payment of the sum of forty-five thousand dollars ($45,000) on or before May 1st, 1912." Burns and Muncy failed to pay this forty-five thousand dollars, and on April 29, 1912, they, with plaintiff, executed an agreement reciting the fact that the contract was not to be delivered except upon the payment of forty-five thousand dollars on or before May 1, 1912, which payment they were unable to make, and agreed in writing that

such contract should be canceled and annulled, and that Burns and Muncy waived all claims to or interest in said agreement, and consented to the forfeiture of said sum of five thousand dollars paid by them to plaintiff.

As found by the court upon ample evidence, no fraud or duress entered into the execution of this latter agreement for the cancellation of the contract and forfeiture of the five thousand dollars paid thereon; and hence this contract may be eliminated from further consideration.

Thereafter, on May 2, 1912, a contract similar in terms and conditions between plaintiff and defendant Burns alone was prepared, wherein plaintiff agreed to sell and Burns agreed to purchase the property in question for the sum of seven hundred and forty-five thousand dollars, payable as follows: "Forty-five Thousand Dollars ($45,000) on or before June 1st, 1912, at the Citizens' National Bank of Los Angeles, with which this agreement is deposited in escrow, to be by said bank delivered to the party of the second part upon receipt of said payment"; the contract further specifying the time for the payment of other stipulated installments of the purchase price covering the whole thereof. This contract provided: "That time is hereby made the essence of this agreement, and of each and every one of the covenants, terms and conditions hereof. . . . That any neglect, failure, or default in making any one or more of the payments of principal or interest hereinbefore provided for, or in complying with any of the other covenants, terms, or conditions of this agreement, at the time or times and in the manner hereinbefore specified, or at the expiration of any extension thereof in writing made by the party of the first part, or any violation of any of such covenants, terms, or conditions, upon the part of the said party of the second part, shall, at the option of the party of the first part, cause a forfeiture of all of the rights, privileges and interests of the said party of the second part under this agreement." Burns made default in the payment of the forty-five thousand dollars so stipulated to be paid on or before June 1, 1912, and upon payment of which the escrow holder was to deliver said contract to her. Whereupon, on June 1, 1912, in consideration of the payment of $750, plaintiff in writing agreed "to extend the time for the payment of the sum of forty-five thousand dollars ($45,000) due and payable on

this day to July 1st, 1912, subject to all of the terms, covenants and conditions of the agreement between the parties hereto bearing date of 2nd day of May, 1912, a copy of which is deposited with the Citizens' National Bank of Los Angeles in escrow to be delivered to the party of the second part upon the payment of said sum of forty-five thousand dollars ($45,000).'' Defendant again made default in the payment of the forty-five thousand dollars, time for the making of which was so extended to July 1, 1912. It appears that after July 1, 1912, there were some negotiations between plaintiff and defendant Burns, as a result of which defendants claim a verbal extension of time to July 15, 1912, was given within which to pay the forty-five thousand dollars. As to this claim, however, upon sufficient evidence, the court found adversely to defendants. Not only does the claim rest upon an oral alteration of the terms of a written contract (if there was one), but there was no consideration for such alleged extension.

The chief contention of appellants is that the written instrument whereby defendants were given until July 1st within which to pay the forty-five thousand dollars so stipulated in the contract to be paid June 1st, and upon the making of which the contract was to be delivered to defendant Burns, did not in express terms provide that time should be made the essence of said agreement for the extension of time of payment. The original contract, dated May 2, 1912, did in the strongest terms provide that time should be the essence thereof, and the agreement providing for the extension expressly provided that such agreement was ''subject to all of the terms, covenants and conditions of the agreement between the parties hereto bearing date of 2nd day of May, 1912.'' The sole purpose of the latter agreement was to extend the time as stated for the payment of the sum of forty-five thousand dollars, and to this extent only was the contract modified. Clearly, the effect of the language last quoted was to carry into the agreement for the extension all of the terms and provisions of the contract to which it related. When defendants failed to make the payment within the time so extended, the position of the parties was identically the same as though such contract providing for the extension had never been executed. This being true, and conceding that instead of the contract being placed in escrow to be deliv-

ered to Burns only upon payment of forty-five thousand dollars by July 1st it had been actually delivered to her, a case is presented as to which the language used by the supreme court in *Glock* v. *Howard etc. Co.,* 123 Cal. 1, [69 Am. St. Rep. 17, 73 L. R. A. 199, 55 Pac. 713], is applicable. Defendants' right to an interest in the land was only such as the contract gave, and it gave no right save and except upon compliance with the conditions contained therein. No notice was required to terminate defendants' rights under the contract (see *Commercial Bank* v. *Welden,* 148 Cal. 601, [84 Pac. 171]), but their default on July 1, 1912, in making the payment of forty-five thousand dollars, unexcused and not waived, *ipso facto* terminated all rights they might have acquired by compliance with such provision. (*Champion Gold Min. Co.* v. *Champion Mines,* 164 Cal. 205, [128 Pac. 315].)

Appellants, however, claim that plaintiff in allowing the defendants to proceed under the contract after the fifteenth day of July, 1912, made the conditions of the original contract mutual and dependent, by reason of which fact plaintiff waived its right to declare time of the essence of the contract. In support of this contention appellants cite authorities to the effect that where the contract requires a party to do certain acts in the performance of which he has made default but afterward performs the acts, which performance is accepted by the other party, such acceptance constitutes a waiver as to time. (*Howard* v. *Thompson Lumber Co.,* 106 Ky. 566, [50 S. W. 1092] ; *Smith* v. *Sanitary District,* 108 Ill. App. 69.) The acts done by defendants and as to which plaintiff entered no protest were efforts to sell the land and the alleged making of surveys, acts not called for by the contract, and in the doing of which plaintiff had no interest, since there was no provision in the contract requiring them to sell the land or make surveys. The only acts pursuant to the terms of the contract the performance of which, if accepted by plaintiff, would have constituted a waiver as to time would have been the performance of the covenants contained in the contract, none of which, as shown by the evidence, was performed by defendants. If after making default defendants had tendered the forty-five thousand dollars and plaintiff had accepted the same, clearly it would have constituted a waiver under which, notwithstanding the fact said sum had not been paid as stipulated, defendants would

have been entitled to delivery of the contract, and the performance of other covenants therein as stipulated would have entitled them to performance on the part of the plaintiff.

It is further claimed that plaintiff, in order to have placed the defendants in default, should have tendered a deed before declaring a forfeiture, in support of which *Cleary* v. *Folger,* 84 Cal. 316, [18 Am. St. Rep. 187, 24 Pac. 280], is cited. It appears from the contract that as payments were made to the Citizens' National Bank deeds to specified parts of the property were to be delivered to defendants, one of which deeds, as provided in the contract, to a piece of land designated as Tract A, was to be delivered, together with the contract, upon the payment of the forty-five thousand dollars. This deed was deposited with the Citizens' National Bank in escrow, to be delivered by said bank to defendant Burns with the contract upon payment of said sum. Since the deed was signed and left with the bank to be delivered to defendants upon payment of the amount, no further tender was necessary. Hence, assuming a fact not true, that the contract was at the time of its date delivered to defendant Burns, and assuming further that there was a consideration for its execution, nevertheless, since any rights thereunder depended upon her paying the sum of forty-five thousand dollars on or before July 1st, she, by making default in said payment, lost all right to enforce the contract against plaintiff. (*Glock* v. *Howard etc. Co.,* 123 Cal. 1, [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713], and *Champion Gold Min. Co.* v. *Champion Mines,* 164 Cal. 205, [128 Pac. 315].)

Moreover, the fact that the contract was never delivered is fatal to the assertion not only of any claim of interest in the land on the part of defendants, but as well to any right to recover the five thousand dollars so paid at the time of the making of the first contract, January 31, 1912, or the recovery of the $750 paid for an extension of time within which, as provided in the second contract, to pay the forty-five thousand dollars. Defendants allege in their answer that the contract was executed, and this is true in the sense only that it was signed by the plaintiff; but according to its express terms, *it was not to be delivered,* but *deposited in escrow* until July 1st, when, if Burns paid the forty-five thousand dollars, the escrow holder was instructed to deliver it to de-

fendant. In other words, the effect of the transaction was, at most, for a consideration of five thousand dollars, to give defendants an option to acquire a contract for the purchase of the land upon the terms and conditions contained therein, upon payment of forty-five thousand dollars by July 1, 1912. They neglected and failed to exercise such option by paying the forty-five thousand dollars by July 1, 1912, and hence the contract was never delivered.

The appeal is without merit, and the judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.