[Civ. No. 2150.    Third Appellate District.—May 12, 1920.]

## R. L. DARTER, Respondent, v. MARY R. SCHUYLER, Appellant.

[1] VENDOR AND VENDEE—FAILURE TO MAKE PAYMENTS—TERMINATION OF RIGHTS.—When, in a contract for the sale of land, time is made of the essence of the contract, an inexcusable failure on the part of the holder of the option to make a payment when the same should be paid according to the terms of the contract terminates his rights under the option and makes it impossible for him to enforce the same, in the absence of a waiver on the part of the other party, and no notice is required to terminate his rights under the contract.

[2] ID.—FORFEITURE BY VENDEE—SUBSEQUENT CONVEYANCE BY VENDOR—ACTION TO QUIET TITLE—PARTIES.—The default of the vendee in making the payments as called for by the contract of purchase having operated ipso facto as a forfeiture of the contract and her rights thereunder, in an action by the grantee under a subsequent conveyance to quiet the title to the property as against such de-

faulting vendee, the grantor is neither a necessary nor a proper party to the action.

[3] ID.—WAIVER OF STRICT PERFORMANCE—CONFLICTING EVIDENCE— FINDING—APPEAL.—The trial court, upon conflicting evidence, having found that the defendant was not excused from making the payments as the same became due, by any act or conduct on the part of her vendor; and that no act or conduct on his part justified her in failing to perform her part of the contract, the contention, on appeal, that there was a waiver of the strict performance of the terms of the contract by the vendor as to such payments cannot be sustained.

APPEAL from a judgment of the Superior Court of San Joaquin County. J. A. Plummer, Judge. Affirmed.

The facts are stated in the opinion of the court.

G. W. Langan and True Van Sickle for Appellant.

C. W. Miller for Respondent.

NICOL, P. J., *pro tem.*—This action was commenced by plaintiff to quiet his title to a certain tract of land in the county of San Joaquin, which land he purchased from one J. A. Coley on the twenty-seventh day of June, 1917.

On May 13, 1914, an agreement was entered into between the said J. A. Coley and defendant Mary R. Schuyler, by which Coley agreed to sell and the defendant agreed to buy the said land for the purchase price of $53,000. The agreement acknowledges the receipt of $18,000, being the value placed on certain lots in Oakland, and the balance of the purchase price, amounting to $35,000, to be paid before July 1, 1919, together with interest at the rate of six per cent per annum on all deferred payments, interest to be paid annually. The agreement provides that in consideration of the defendant being given possession of the premises, she agrees to pay all taxes which may be levied or assessed on the premises. That by the terms of the contract, it was expressly provided that time was of the essence thereof, and that in the event of the failure of said Mary R. Schuyler to make any payment at the time the same became due, or within thirty days thereafter, that the contract should become null and void and the said Mary R. Schuyler

should forfeit all right thereto and to all moneys theretofore paid on account of the said agreement.

The defendant failed to make the payments as provided by the contract and as to her failure in this regard the court found, ''That subsequent to the execution of said contract said defendant Mary R. Schuyler made certain payments thereunder aggregating the sum of $1,927.46 and no more; and all of such sum was paid before the first day of January, 1916. . . . That said Mary R. Schuyler failed, neglected, and refused to pay the interest on the purchase price mentioned in said contract or any part thereof as the same became due or otherwise, and also failed, neglected, and refused to pay the taxes levied upon said premises subsequent to the first installment of taxes for the year 1915. That said J. A. Coley made frequent demands upon said Mary R. Schuyler for the payment of the interest and taxes due from her under said contract prior to August 16, 1916. That on the date last mentioned said J. A. Coley notified said Mary R. Schuyler in writing that she was in default and had been in default for more than thirty days in the payments then due and payable under the terms of said contract, and that if she should fail for ten days thereafter to perform said contract and make the payments then due thereunder that she would forfeit her rights under said contract. That said Mary R. Schuyler continued to fail and neglect to make payment of the interest and taxes then due and payable from her under said contract, and has never made nor tendered any amount whatever to apply on said contract since the sixteenth day of August, 1916.''

[1] The law is settled in this state that when in a contract for the sale of land time is made of the essence of the contract, an inexcusable failure on the part of the holder of the option to make a payment when the same should be paid according to the terms of the contract terminates his rights under the option and makes it impossible for him to enforce the same, in the absence of a waiver on the part of the other party (*Champion G. Min. Co.* v. *Champion Mines,* 164 Cal. 205, [128 Pac. 315]; *Glock* v. *Howard & Wilson Colony Co.,* 123 Cal. 1, [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713]), and no notice is required to terminate the defendant's rights under the contract. (*Northern Assur. Co.* v. *Stout,* 16 Cal. App. 548, 554, [117 Pac. 617];

*Newhall Land & Farming Co.* v. *Burns,* 31 Cal. App. 549, 553, [161 Pac. 14]; *Commercial Bank* v. *Weldon,* 148 Cal. 601, [84 Pac. 171].) In the case of *Schwerin Estate Realty Co.* v. *Slye,* 173 Cal. 170, [159 Pac. 420], the plaintiff sued to quiet title to certain land and the defendants answered, setting up certain contracts for the purchase and sale of the property; upon which they were in default. The court, in passing upon the case, says: "We cannot escape from the conclusion that by failing to prove their readiness, ability, and willingness to perform their part of the contract within the time limited therein the defendants utterly failed to establish their right to any relief. . . . Under the terms of the contract no affirmative act on the part of the vendor was necessary to place the vendees in default. It expressly made failure to comply with its terms within the time limited 'by the parties of the second part' (Slye and Condon) an automatic termination of all of the vendor's obligations in law and equity. Of this agreement it may be said, just as Mr. Justice Henshaw said in *Glock* v. *Howard & Wilson Colony Co.,* 123 Cal. 1–16, [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713]: 'In the case at bar the payment of the final amount under the contract, at the time and in the manner agreed upon was a condition precedent to the right of the vendee to demand a conveyance. Upon his failure to make payment the vendee committed a breach and no affirmative act upon the part of the vendor was necessary to bring about this result.' "

[2] The defendant claims that J. A. Coley was a necessary party to the action and in the absence of said Coley as a party the contract was a sufficient and complete answer to plaintiff's complaint. We think the cases above cited are a sufficient answer to this contention. The default of defendant in making the payments as called for by the said contract operated *ipso facto* as a forfeiture of the same and of the rights of the vendee thereunder. (*Northern Assur. Co.* v. *Stout,* 16 Cal. App. 548, [117 Pac. 617]; *Newhall Land & Farming Co.* v. *Burns,* 31 Cal. App. 549, [161 Pac. 14].) The contract by reason of the said default of defendant had been forfeited and had ceased to exist at the time Coley conveyed the property to the plaintiff, and under these circumstances we do not consider that said Coley was a necessary, or even a proper party to the action.

[3] It is argued that there was a waiver of the strict performance of the terms of the contract by Coley as to the payments of interest and taxes. This contention of the defendant cannot be sustained. The trial court, upon conflicting evidence, found that the defendant was not excused from making the said payments as the same became due, by any act or conduct on the part of said J. A. Coley, and that no act or conduct on his part justified her in failing to perform her part of the contract.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 8, 1920.

All the Justices concurred, except Wilbur, J., and Lennon, J., who were absent.