[L. A. No. 6447.   Department Two.—February 4, 1921.]

CHARLES O. NOURSE, Respondent, v. KATIE A. AZ-
VEDO et al., Appellants.

[1] VENDOR AND VENDEE—DEFAULT OF VENDEE—NOTICE OF FORFEIT-
URE—RETENTION OF PAYMENTS BY VENDOR.—Where, under a con-
tract for the sale of real estate which by its terms made time the
essence thereof, the vendee not only defaulted in the payment of
future installments but attempted to rescind the contract by reason
of the fact that she had changed her mind and did not desire
to purchase, and the vendor notified the vendee that by reason of
her default the contract was terminated and that by its terms he
was entitled to and would retain the money paid, the vendor was
justified in retaining the money and the vendee's rights in the
property were terminated.

APPEAL from a judgment of the Superior Court of Los
Angeles County.  John W. Shenk, Judge.  Affirmed.

The facts are stated in the opinion of the court.

H. H. Heath for Appellants.

Paul Nourse for Respondent.

WILBUR, J.—This is an action to quiet title to certain
real estate against the claims of the defendant growing out
of a contract to purchase wherein the plaintiff was vendor
and the defendant, Katie A. Azvedo, vendee, who, by cross-
complaint, seeks to recover two hundred dollars, the initial
payment upon the purchase price.  Plaintiff recovered judg-
ment quieting his title and the defendant, having been de-
feated upon her cross-complaint, appeals from the judgment
against her on the cross-complaint only.

[1] By the terms of the contract time was the essence
thereof.  The defendant not only defaulted in the payment
of future installments but attempted to rescind the contract

1.  Right of vendee in contract for sale of real property to recover
payments, note, L. R. A. 1918B, 540.

Vendor's acceptance of payment tendered after time specified as
waiver of provision making time of essence of contract, note, 9
A. L. R. 996.

by reason of the fact that she had changed her mind and did not desire to purchase. Respondent notified appellant that by reason of her failure to pay the future installments due the contract was terminated and her rights under the contract forfeited, and that by the terms thereof he was entitled to and would retain the purchase money so far paid. Under these circumstances the vendor was entitled to retain the money paid by the purchaser and her rights in the property terminated. (*Newell* v. *E. B. & A. L. Stone Co.*, 181 Cal. 385, [9 A. L. R. 993, 184 Pac. 659]; *Lemle* v. *Barry*, 181 Cal. 1, [183 Pac. 150]; *Hyman* v. *Harbor View Land Co.* (Cal. App.), 188 Pac. 828; *Darter* v. *Schuyler* (Cal. App.), 190 Pac. 827.)

The appellant also seeks to rescind the contract on the ground that she was incompetent at the time she executed the same. The finding of the trial court is that she was competent. It is enough in that regard to say that the testimony of the appellant is not sufficient to overcome the presumption of sanity which is supported by respondent's evidence and by the circumstances attending the execution of the contract.

Judgment affirmed, with twenty-five dollars damages for frivolous appeal.

Sloane, J., and Lennon, J., concurred.