## Day, et al. v. Miles, et al.

(Decided October 7, 1924.)

### Appeal from Lee Circuit Court.

1. Vendor and Purchaser—Ejectment Not Maintainable by Vendor to Recover Possession from Vendee to whom Contract of Sale or Title Bond Delivered.—When vendor executes contract of sale or title bond which he delivers to vendee, and places vendee in possession, ejectment will not lie in favor of vendor to recover possession.

2. Vendor and Purchaser—Instrument Held Contract to Convey, and Not Mere Option to Purchase.—Writing reciting that owner "this day bargained and sold, and by these presents doth alien and convey," held contract to convey land, and not mere option to

purchase, though it provided that contract should be null and void if balance of price was not paid within fifteen days.

3. Damages—Provision for Forfeiture of Rights Under Contract Interpreted as Penalty, and Not Liquidated Damages.—Stipulation in contract of sale of land, that if balance of purchase price was not paid in 15 days, contract should be null and void, should be interpreted as penalty which will be relieved against where damage from nonperformance could readily be ascertained.

4. Vendor and Purchaser—Acceptance of Part of Balance Due on Price Held Waiver of Forfeiture.—Vendor of land waived forfeiture, under contract requiring payment of balance to be made within fifteen days, where he accepted less than full amount of balance due within time allowed, and did not tender it back.

GOURLEY, GOURLEY & PARRISH and S. P. STAMPER for appellants.

E. L. McDONALD, BEATTY & BEATTY, and ROBERTS & PENDERGRASS for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

By an action in ejectment in the Lee circuit court, appellants sought to recover possession of a forty-acre tract of land located in that county from J. Fred Miles, Felix M. Miles and John B. Miles, partners doing business under the firm name of Miles Brothers Drilling Company. The petition alleged that appellant, R. W. Day, was the owner of the tract of land in question, and that his co-appellant, J. H. Sallee, was the owner of certain oil and gas rights and privileges in same under lease from him, and that the appellees wrongfully and unlawfully and without their consent had taken possession of it. Miles Brothers Drilling Company by answer denied the allegations of the petition and claimed to be the owners of an oil and gas lease on the land by grant from one J. T. Hare. Hare intervened by filing a petition to be made a party and claimed the oil and minerals in and under the forty acres of land in question under a written contract for its purchase from appellant, Day, and under a deed of conveyance from him executed pursuant to it. W. B. Hobbs, by intervening petition, became a party to the litigation and claimed to own the surface of the land in question under deed from J. T. Hare. The intervening parties were made defendants and sought by their answers to have their titles to the land quieted of the claims of appellants. The court below overruled ap-

pellees' motion to transfer the cause to equity, and it was heard and tried as a common law action. At the conclusion of all the evidence heard for both parties, the court below gave a peremptory instruction directing the jury to find for the defendants, and on the verdict of the jury returned under that instruction entered a judgment dismissing the petition and adjudging the appellee, Hobbs, to be the owner of the surface of the forty acres of land, and the appellee, Hare, to be the owner of the oil and minerals in and under same, and the appellees, Miles Brothers, to be the owners of an oil and gas lease on same by grant from Hare. This appeal is prosecuted by Day and Sallee from that judgment, and they advance many reasons for the reversal of the judgment.

It appears that while the owner of the land in question, appellant Day and appellee Hare entered into a written agreement with reference to it, the pertinent portions of which read:

"THIS AGREEMENT made and entered into this fifth day of December, 1917, by and between R. W. Day, of Lee county, Kentucky, party of the first part, and J. T. Hare, of Lexington, Kentucky, party of the second part, WITNESSETH: That the party of the first part has this day bargained and sold and by these presents doth alien and convey unto the party of the second part, his heirs and assigns, the following described tract of land lying and being in Lee county, Kentucky, and on the east side of the road leading from Beattyville to Campton, about two miles northeast of Beattyville, and being the same land upon which the said R. W. Day now lives, bounded and described as follows, to-wit. (There follows a description of the forty-acre tract of land by metes and bounds.)

"The conditions upon which the sale of the above described land is made are as follows: That the party of the second part by and through James A. Dennis has paid to the first party the sum of two hundred dollars this day, the receipt of which is hereby acknowledged, and the second party agrees to pay a further sum of six hundred dollars in fifteen days from this date, upon the receipt of which the party of the first part binds himself, his heirs and executors, to make unto the party of the second part or his assigns a good and sufficient title to said boundary of land.

"And in the event that the said second party or anyone for him shall fail to pay the balance of the purchase money, being $600.00, to the party of the first part within fifteen days from the date hereof then this contract shall be null and void and the party of the second part forfeits, otherwise this contract is to remain in full force and effect.

"Signed, sealed and delivered the day and date first above written.

"R. W. Day
"Jess Hare
"By James A. Dennis.

"This contract is signed in duplicate."

It is contended for appellees that the writing above is conclusive of the rights of the parties and fully authorized the trial court to give the peremptory instruction upon the ground that as between Day, the vendor, and Hare, the vendee, this writing, although not acknowledged, is sufficient of itself to pass the title of the land in question from Day to Hare, or if the writing should be construed to be merely a bond for title as between Day and Hare and those claiming under Hare, Day cannot maintain a suit in ejectment, but that his remedy is a suit for specific performance if, as contended by him, any part of the purchase price has not been paid. On the other hand, appellants contend that the writing in question was merely an option to purchase the tract of land and that appellee, Hare, failed to exercise the option and purchase the land in question by paying the balance of the purchase price within the fifteen days after the writing was executed.

It will be observed that the writing signed by the parties provides:

'That the party of the first part has this day bargained and sold and by these presents doth alien and convey unto the party of the second part, his heirs and assigns, the following described tract of land."

No more apt language could have been used by the parties to convey the absolute title of the tract of land in question from Day to Hare. That is the language ordinarily used in deeds of conveyance. This writing was not acknowledged by the parties and hence could not have been recorded so as to give notice to all persons that the title of the tract of land in question had

been conveyed from Day to Hare. However, by this lawsuit Day, one of the parties to the writing in question, seeks to recover possession of the land in question from Hare, the other party to it.

In Smith v. Noble, 174 Ky. 15, this court laid down the following rule on that question:

"An instrument sufficient to convey title to land duly signed by the grantor will have the effect to convey title as between the parties to the instrument, although its execution was not made with the statutory formalities entitling it to registration, and the title to the land will pass as between the parties and their privies, but it will be insufficient as against a purchaser without actual notice."

Aside from that question, however, it is a well established rule of this court that when the vendor of a tract of land executes a contract of sale or a title bond which he delivers to the vendee and places the vendee in possession of the lands an action in ejectment will not lie in favor of the vendor to recover possession of the land. Morton v. Dickson, 90 Ky. 572; McGuire v. Whitt, 25 Ky. L. R. 2275; Doty v. Jameson, 29 Ky. L. R. 507; Perry, etc. v. Trimble, 25 Ky. L. R. 726; Baldwin & Co., etc. v. Crow, etc., 86 Ky. 679; Low & Whitney v. Blenco, etc., 10 Bush 331; Lain, etc. v. Morton, etc., 23 Ky. L. R. 438.

Appellant contends, however, that the writing in question can not be construed to be either a conveyance of the lands or a contract for conveyance or a title bond, but must be construed to be merely an option to purchase. As reference to the contract will show, by its terms Day did bargain, sell, alien and convey unto Hare the tract of land. The contract recited that Hare, through his agent, Dennis, paid to Day $200.00 of the purchase price, receipt of same being acknowledged, and Hare expressly agreed to pay a further sum of $600.00 in fifteen days from the date of the instrument. It further provided that upon the payment of the $600.00, Day or his heirs or executors should make to Hare a good and sufficient title to the boundary of land. Language more apt than that used in the writing in question to evidence a contract for the sale of real estate can hardly be found. Appellant contends, however, that the concluding sentence of the contract which in effect provides that if Hare should fail to pay the balance of the purchase money

within fifteen days the contract should be null and void makes it impossible to construe this writing to be other than a mere option to purchase. A like contention was made with reference to a contract for the sale of certain real estate in Allison v. Cocke's Exors., 106 Ky. 763. The contract considered by this court in that case contained a forfeiture clause in almost the identical language of the contract in question now before us, and we there held that such a clause inserted into an otherwise valid contract for the sale of land would not have the effect of changing it into a mere option to purchase. In that case the provision by the contract for forfeiture of the initial payment was held to have been intended by the parties to be a penalty for non-payment of the second payment. It was further held that a court of equity should relieve against such penalties where the amount of damage flowing from nonperformance of the contract could be readily ascertained. A similar forfeiture provision in a contract for the sale of real estate was considered in Harris v. Greenleaf, 117 Ky. 817, and we there held that the forfeiture provision was merely a form of additional security; that ample justice could be done the vendor by a recovery of the purchase price with interest and costs, and that penalties in the nature of a forfeiture of the portion of the purchase price paid are so harsh and grievous that they should be relieved against in a court of equity. See also Kercheval v. Swope, 6 T. B. M. 367; Klasener v. Robinson, 30 Ky. L. R. 1032.

By the evidence of the appellant, Day, he admits that three days after the execution of the writing in question he was paid $600.00 by appellee, Hare. However, he testified that although the contract recited that he received $200.00 the day it was executed, as a matter of fact he received nothing that day and that the $600.00 payment was in settlement of the $200.00 recited to have been paid when the contract was executed and $400.00 of the balance due. He testified that the remaining $200.00 was never paid to him. It appears from the testimony of Day himself that shortly after the execution of the writing he moved from the land. It appears that Day's son continued to live upon the land for a time, he and Day testifying that he did so as Day's tenant, appellee and certain witnesses for him testifying that he did so as Hare's tenant. Appellee, Hare, purchased the land for its possibilities as oil bearing territory and not for farming purposes. The contract was made December 5, 1917.

On December 21, 1918, Hare sold and conveyed the surface of the land to one T. H. Brandenburg, who immediately took possession of same, Day's son having previously moved off. Brandenburg, on January 15, 1919, conveyed the surface to appellee, Hobbs, and he immediately took possession of same and has held it ever since. Appellees, Miles Brothers, entered and took possession under an oil lease from appellee, Hare. With these facts in mind, we will turn again to the forfeiture clause of the writing in question.

Great diversity of opinion exists in the various courts of the land as to the construction of and effect to be given to provisions similar to the one appearing in the contract now in question, and the opinions on the question are not to be reconciled. Some courts have held that they may be interpreted and enforced according to their strict interpretation as being stipulated liquidated damages for nonperformance. Others that they are to be interpreted as penalties and will be relieved against in cases where the damage flowing from the nonperformance may readily be ascertained. The latter rule is well established in this court, as we have seen from the authorities above. Forfeitures and penalties are not favored. It is the universal rule that the language employed to declare the agreement of the parties as to it will be construed strongest against the party favored. In the contract now under consideration it was provided:

> "And in the event that the said second party or any one for him shall fail to pay the balance of the purchase money, being $600.00, to the party of the first part within fifteen days from the date hereof, then this contract shall be null and void and the party of the second part forfeits."

It will be observed that it does not provide for a forfeiture if second party fails to pay the $600.00 or any part of it. It provides for a forfeiture only in case second party fails to pay the full $600.00. Appellant, Day, admits that three days after the contract was executed, appellee paid him and he accepted $400.00 of the $600.00. Then interpreting the contract strictly and against Day, the party to be benefited, appellee, Hare, did not fail within the fifteen days to pay "the balance of the purchase money, $600.00." He failed to pay only $200.00. By accepting anything less than the full amount of the balance due on the purchase price within the time and

holding the amount so accepted after the forfeiture period terminated without ever tendering it to Hare, Day clearly waived the forfeiture. The forfeiture provided for clearly had reference only to the $200.00 recited as having been paid in cash and not to any portion of the balance of $600.00 that might be paid subsequently. Under these facts, we hold that Day waived the forfeiture provision of the contract in question, whether it be held to be a penalty such as under our rule would be relieved against or an enforceable agreement between the parties as to liquidated damages for nonperformance by the purchaser.

With this view of the case the action of the court below in giving the peremptory for appellees may be upheld and a determination of the other questions presented by appellants becomes unnecessary.

Judgment affirmed.