## Ward Real Estate, et al. v. Childers.

(Decided February 24, 1928.)

### Appeal from Fayette Circuit Court.

1. **Vendor and Purchaser.**—Where nothing is said in contract for sale of land about when deed is to be executed or consideration paid, law requires that deed and consideration be exchanged within reasonable time after date of contract.

2. **Vendor and Purchaser.**—Where title to farm at time vendor enters into contract to sell it to purchaser is in another, yet, if at time of performance of contract vendor tenders deed signed by owner to purchaser which is sufficient to vest title in purchaser, latter is bound to take it.

3. **Vendor and Purchaser.**—Where contract to sell land has been entered into, and purchaser has paid earnest money, and vendor within reasonable time after contract has been entered tenders deed to purchaser, and purchaser fails or refuses to perform his part of contract, held that vendor has right to retain earnest money, since party to contract cannot breach it, and, being in default, thereby secure for himself some right or advantage to detriment of other party who is not in default.

4. **Vendor and Purchaser.**—Where vendor entered into contract to convey title to purchaser in February, and at time vendor did not have title, but title was in another, and vendor was at all times ready and able to tender deed to purchaser, but there was delay at request of purchaser, and, after delay, deed was tendered, held that purchaser could not complain because deed was not tendered until the following November.

J. A. EDGE for appellants.

E. L. HUTCHINSON for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

On February 3, 1925, the appellee, Scott Childers, and the appellant H. C. Dodd, through his coappellant

and agent C. F. Ward, entered into a contract whereby Dodd was to sell and convey to the appellee a certain farm in Fayette county, for which the appellee agreed to pay him the sum of $4,500. Appellee was to get possession of the farm on or before March 1, 1925, but nothing was said in the contract about when the deed was to be executed or the consideration paid. This being true, the law required the deed and the consideration to be exchanged within a reasonable time after the date of the contract. According to an express term of the contract, the appellee paid the sum of $450 earnest money, which by the contract was to be credited on the purchase price when the deal was finally carried through. Appellee paid this earnest money to the appellant Ward. This is a suit brought to recover that earnest money.

The petition avers that, at the time this contract was entered into, the appellant H. C. Dodd did not own the farm which was the subject-matter of the contract, that Dodd had never tendered appellee a deed to the farm, and that Dodd and Ward had retained the earnest money and had refused to pay it back on demand. The answer of the appellants is very inartificially drawn, but, as finally amended, it fairly alleges that the farm in question was owned by the appellant Mrs. Aileen J. Dodd at the time the contract here in question was entered into; that she and her husband, the appellant H. C. Dodd, executed and tendered to the appellee a deed to this farm in November, 1925; that the reason the deed was not tendered sooner was because of the fact that the appellee had been unable to make financial arrangements to raise the balance of the purchase price; and that solely at his request, made from time to time after the execution of the contract, the tendering of the deed was delayed; that, when they discovered in November that the appellee was totally unable to carry out his part of the contract, they then tendered him a deed, which he refused to take; that during all of the time from February until the tendering of the deed they were ready, able, and willing to carry out the contract, but had delayed doing so and even tendering performance wholly at the request of the appellee. A demurrer was sustained to this answer, and the appellants declining to plead further, judgment was entered for the appellee. The appellants have moved this court to grant them an appeal.

Although the title to the farm at the time appellant Dodd entered into the contract to sell it to the appellee was in Mrs. Dodd, yet, if at the time of performance of the contract Dodd tendered to the appellee a deed signed by Mrs. Dodd and sufficient to vest title in the appellee, the latter was bound to take it. Logan v. Bull, 78 Ky. 607; cf. Posey v. Kimsey, 146 Ky. 205, 142 S. W. 703. Had the appellants then tendered to the appellee a deed within a reasonable time after the contract had been entered into, and the appellee had failed or refused to perform his part of the contract, the appellants would have been entitled to retain the earnest money paid under the contract. Although this precise question of retention of earnest money has never been decided by this court before so far as we have been able to determine, it was mentioned and was discussed in some measure in the case of Johnston v. Benjamin, 219 Ky. 169, 292 S. W. 801. We there said that it is a rule supported by the great weight of authority that a party to an agreement to purchase property who has advanced money in part performance of the agreement, and then refuses to proceed to the ultimate conclusion of the agreement, the other party being ready and willing to perform his part of the contract, is not entitled to recover his part of the money so advanced. The Benjamin case cites in support of that rule the cases of Hansbrough v. Peck, 5 Wall, 497, 18 L. Ed. 520, and Ketchum v. Evertson, 13 Johns. (N. Y.) 359, 7 Am. Dec. 384. The reason for the rule is that a party to a contract cannot breach it and, being in default, thereby secure for himself some right or advantage to the detriment of the other party, who is not in any default. To permit a recovery by the party in default would be to allow one who has breached his contract to recover under that contract despite such breach, and the innocence of his adversary. In L. R. A. 1918B, p. 540, may be found a collection of authorities bearing on this proposition. We regard the rule as sound and adhere to it. In the Benjamin case, supra, we held, in substance, that, in order to retain the earnest money, the vendor must not himself be in default, and he must either show that he tendered performance or that performance on his part was waived by the vendee.

Here there was a tender of a deed on the part of the vendors, and really the only question we have is whether or not the tender of performance came too late. As

stated, the answer as amended averred the vendors were at all times ready, able, and willing to perform, and the reason for this delay in the tender of such performance was the request of the appellee that he be given further time to make his financial arrangements. This being true, the vendee clearly cannot now complain that the tender of performance, delayed wholly at his request, was not made until November. The vendors having tendered performance and the vendee being in default, it results that the demurrer to the answer as amended should have been overruled.

The appeal prayed is therefore granted, and the judgment of the lower court is reversed, with directions to overrule the demurrer to the answer as amended and for further proceedings consistent with this opinion.

Whole court sitting.