# Maschinot v. Moore et al.

(Decided Oct. 18, 1938.)

JUDSON A. SHUEY for appellant.

JAMES B. MEADOWS for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

On October 1, 1936, a contract was signed between Mrs. Mildred E. Moore and others, as vendors, and J. Matt Maschinot, as vendee, reciting that the "vendors agree to sell and convey to the vendee, and deliver by general warranty deed, a good and marketable title" to a certain house and lot for $2,000, of which $100 was then paid and the balance agreed to be paid monthly. Deferred payments were to bear interest. The vendee agreed to repair and maintain the property but make no structural changes in the improvements without the written consent of the vendors, and "agrees that if for any reason he releases or forfeits his interest in said property" to deliver up its possession in as good condition as at present, reasonable wear and tear alone excepted. He further agreed to pay all taxes and premiums on fire and tornado insurance. The vendee immediately entered into possession. The fourth paragraph of the contract is as follows:

"Vendee agrees to purchase said property, and pay therefor the sum of $2,000.00, in the above-set-out manner, and agrees that if he fails to pay any monthly installment when due, and same remains due and unpaid for thirty days thereafter, and if he fails to do and perform any other agreed act upon his part, then and in either of said events, the vendors, or any one of them, may enter and take possession of the premises, and vendee's interest herein shall cease, and any payment made under this contract shall remain in the vendors, as liquidated damages and rent for the use of said property."

Another section of the contract provides that Maschinot could pay the unpaid balance of the purchase price at any time and demand a deed to the property, but his interest in the contract could not be assigned or transferred to another, and any attempt on his part to do so should forfeit his rights in it.

On April 13, 1937, this suit in ejectment was filed by the vendors. It was alleged that the defendant, Maschinot, had paid only two of the monthly installments and had defaulted in the payment of the others and, as well, the insurance premiums; and had refused to surrender possession upon demand. It was further averred that $40 a month was reasonable rent during the period of the defendant's occupancy, and plaintiffs had been compelled to pay $16 insurance premium. The plaintiffs prayed judgment giving them immediate possession of the property, for the rents and sum paid by them for the insurance premiums. Demurrer and a motion to strike being overruled, the defendant answered and plead a counterclaim. He denied the allegations of ownership of a marketable title to the property; denied that plaintiffs could convey or deliver a general warranty deed to it, or that the reasonable rent was $40 a month, or that the plaintiffs were entitled to recover any sum as rent or to have possession of the property. A counterclaim set up the terms of the contract by which it was agreed that the purchaser had the right to pay the unpaid balance in full and demand a deed, and alleged that on or about January 1, 1937, the defendant had offered to pay plaintiffs the unpaid balance and notified them to furnish him a general warranty deed containing a marketable title, but plaintiffs could not do so because

there was a certain lien on the property. The defendant alleged that the plaintiffs had refused to clear the title; and, further, that he had been induced to enter into the contract sued on by fraudulent representation as to their ability to convey a good title; that instead of complying with their agreement to make him a good deed when he demanded it, the plaintiffs had instituted forcible detainer proceedings in a magistrate's court. He had been compelled to spend $25 in defending it and $150 in defending this suit, and had been "further damaged in the sum of $500 due to said false and fraudulent representations." The defendant, therefore, prayed judgment for $825 over against the plaintiffs. A reply joined issue.

On the trial, the court peremptorily instructed the jury to find for the plaintiff both on their petition and on the counterclaim. The defendant appeals the resulting judgment but has not brought up a bill of exceptions containing the evidence.

Waiving the insufficiency of the defendant's pleading as showing a good tender or establishing a counterclaim, the decision of those questions against the appellant may be rested upon the conclusive presumption arising from the absence of the evidence that it did not support the pleading.

The only substantial point relied on for a reversal of the judgment is that the action in ejectment could not be maintained. As stated in Day v. Miles, 204 Ky. 711, 265 S. W. 282, 283, "It is a well established rule of this court that when the vendor of a tract of land executes a contract of sale or a title bond which he delivers to the vendee, and places the vendee in possession of the lands, an action in ejectment will not lie in favor of the vendor to recover possession of the land." The reasons for this rule of practice, which does not obtain in some jurisdictions, are given in Morton v. Dickson, 90 Ky. 572, 14 S. W. 905, 12 Ky. Law Rep. 547. There is no disposition to depart from that rule, which has been frequently applied, but it will be observed from an examination that in each case of its application there had been, definitely and surely, a transfer or conveyance to the vendee of a substantial equitable title—just short of the legal title. For that reason the vendor would not be allowed to pursue his vendee as he would a trespasser or a tenant whose time had expired. We do not re-

gard the contract under which possession was taken in this case as rising to such dignity or having such force as did those forming the basis for the rule or requiring its application. We construe this instrument as a conditional executory contract, not unlike one of rental with an option to purchase the property and apply the rents paid for the purchase price. The monthly payment of $25 was, on its face, not an unreasonable sum as rental for property worth $2,000. These facts distinguish the case from others where the sums paid were of such proportion as to constitute penalties if allowed to be ignored or retained by the vendor. The plaintiffs' agreement was only that they would sell and convey the property when and if the defendant complied with the conditions he assumed. He was given the right to acquire title but did not exercise that right. Instead he breached his contract and thereby broke the conditions which bound the other parties. Upon demand he refused to surrender possession, as he had contracted to do, when he failed to perform his part of the contract. Under such circumstances it seems to the court that the action in ejectment is a proper remedy to pursue.

Judgment is affirmed.