Joe GAMBLE and Nelda Gamble, his wife, Appellants,

v.

George BRYANT and Dorothy Bryant, his wife, Appellees.

Court of Appeals of Kentucky.

March 7, 1980.

As Modified March 28, 1980.

Discretionary Review Denied June 17, 1980.

J. Michael Foster, Trimble, Soyars, Breathitt & Foster, Hopkinsville, for appellants.

W. Douglas Myers, Keith & Myers, Hopkinsville, for appellees.

Before BREETZ, GANT and VANCE, JJ.

BREETZ, Judge.

This case involves an installment land sale contract. The trial court enforced the forfeiture clause of the contract against the purchasers. We reverse and remand under the authority of *Sebastian v. Floyd*, Ky., 585 S.W.2d 381 (1979).

On September 29, 1971, the Bryants and the Gambles entered into a written agreement whereby the Gambles agreed to purchase a specified lot in Hopkinsville, Kentucky and a house which the Bryants would subsequently build on that lot. At the time of the agreement neither the Bryants nor the Gambles owned the lot which was unimproved property. Those portions of the agreement which are at issue are:

1. The purchase price of said house and lot shall be $29,500.00, which is to be paid as follows; a payment of $2,000.00 with the signing of this agreement, $1,000.00 in ten days and $2,000.00 in sixty to ninety days from date, making a total down payment of $5,000.00, leaving a balance of $24,500.00, on which balance second parties shall make monthly payments of $250.00 to first parties. That part of the payment not used as interest (rate 8%), taxes and insurance shall be the equity of second parties in aforesaid house and lot. Those payments are to begin when possession is given and to be paid in advance before the 10th. of each month.

Second parties will make application for a loan at the end of one year, with loan being closed in the second year.
2. If second parties should become delinquent with any monthly payment, first parties shall have the right and privilege of declaring the full remaining principal and interest immediately due and collectible or to declare said payments theretofore made forfeited as rent or liquidated damages.

The lot upon which this house was to be built had been picked out by the Gambles. It was owned by Kenneth McCargo. After the Bryants and the Gambles made their agreement McCargo deeded the lot to the Bryants with the Gambles furnishing the $5,000.00 purchase price of the lot. Both the deed to the Bryants and the agreement between the Bryants and the Gambles were filed in the office of the Clerk of the Christian County Court.

Bryant then set about the task of building the home with the aid of construction financing which he secured. The record indicates that the Gambles moved into the home in March of 1972 and that their first payment on their obligation of $24,500.00 to the Bryants was not made until June 1972. The Gambles made sporadic payments in varying amounts until December 30, 1976. They have made no payments to the Bryants since then.

This suit was filed by the Bryants on September 26, 1978. A copy of the agreement between the parties was filed with the complaint and the Bryants alleged that the Gambles were in default of its terms. The Bryants also alleged that the Gambles had refused to vacate the premises. The prayer of their complaint was two-fold: that they obtain a judgment of $8,000.00 for the monthly installment payments that the Gambles had not made and that the Gambles be required to vacate the premises. The answer of the Gambles denied the default and affirmatively alleged that the Bryants had refused to accept installment payments from them and that, therefore, the Bryants were estopped from claiming a default. By counterclaim, they alleged that they had made improvements to the house and that the Bryants had refused to give them a deed even though they had "repeatedly agreed to pay the entire balance of the purchase price" as set out in the contract. They asked the Court to order specific performance of the contract or, alternatively, to award $15,500.00 for the expenditures made by them in improving the property.

A non-jury trial was held and the trial court entered its findings of fact and conclusions of law. These findings are clearly supported by the record below and neither party to this appeal makes any attempt to assail them. The trial judge found that the Gambles had paid a total of $17,000.00, $5,000.00 of which was the down payment

for the purchase of the lot and the remaining $12,000.00 was the total of the sporadic monthly installments. He found the Gambles to be in default and valued the improvements made by them at $2,191.00.

The trial judge's conclusions of law were that the Gambles had no interest in the house and that the Bryants were entitled to its immediate possession and title. He awarded judgment against the Gambles for the fair rental value of the property for the period from the date of possession to the date of the judgment and deducted from that figure the $19,191.00 referred to above; he declared that the Gambles had no interest in the property; and he ordered them to vacate the premises.

The trial judge did not have the benefit of *Sebastian v. Floyd, supra,* at the time he made his decision. In *Sebastian,* at 383, the Supreme Court stated:

> . . . a rule treating the seller's interest as a lien will best protect the interests of both buyer and seller. Ordinarily, the seller will receive the balance due on the contract, plus expenses, thus fulfilling the expectations he had when he agreed to sell his land. In addition, the buyer's equity in the property will be protected.

As the *Sebastian* decision transforms a land sale contract to a purchase money mortgage, we reverse the decision of the trial court with directions that it determine the balance due the Bryants under the agreement of September 29, 1971, after giving the Gambles credit for the payments made by them. These payments are to be applied first to accrued interest figured at the rate of eight percent (8%) per annum on the unpaid balance and the balance, if any, of such payments is to be applied as a credit to the principal. To this sum, the trial court shall add the expenses, if any, incurred by the Bryants arising out of the Gambles' default. Judgment shall be awarded accordingly and the Bryants shall have a lien on the property for the amount of said judgment.

All concur.