In re Kenneth Neil PITMAN and Patricia Roberts Pitman, Debtors.

Robert H. WALDSCHMIDT, Trustee,

v.

MID-STATE HOMES, INC., Jim Walter Homes, Inc.

and

Kenneth Neil Pitman and Patricia Roberts Pitman.

Bankruptcy No. 384-03022.

Adv. No. 385-0003.

Dist. No. 3-86-0766.

United States District Court,
M.D. Tennessee,
Nashville Division.

March 6, 1987.

Robert H. Waldschmidt, Nashville, Tenn., for plaintiff.

Craig R. Allen, Chattanooga, Tenn., Gregory M. Galloway, Nashville, Tenn., for defendant.

MEMORANDUM

MORTON, Senior District Judge.

This is an appeal of a decision of the United States Bankruptcy Court for the Middle District of Tennessee, holding that the security interest of Jim Walter Homes, Inc., and Mid-State Homes, Inc., (hereinafter collectively referred to as Jim Walter Homes), may be avoided as a preferential transfer pursuant to 11 U.S.C. § 547. For the reasons which follow, the decision shall be affirmed.

The parties stipulated that four of the five necessary elements of a preference exist in the subject transaction. The disputed issues are whether an antecedent debt existed (the final requesite of a preference) and whether the transfer was "substantially contemporaneous" so as to preclude the trustee's avoidance pursuant to 11 U.S.C. § 547(c).

A brief recapitulation of the pertinent facts and dates is necessary for our analysis. On July 12, 1984, the debtor, Mr. Pitman, signed a sales contract offering to buy a house and lot; Mr. and Mrs. Pitman signed a promissory note for $42,098.40 in favor of Jim Walter Homes and a mortgage encumbering the subject property. On August 30, 1984, the Tampa home office of Jim Walter Homes approved the sales contract; and on September 14, 1984, the home office sent a letter to the Pitmans accepting their offer. On October 16, 1984, the warranty deed and mortgage were recorded. On November 21, 1984, the Pitmans filed a Chapter VII bankruptcy in the Middle District of Tennessee.

■ The bankruptcy judge found, and we agree, that the debt from the Pitmans to Jim Walter Homes arose no later than September 14, 1984, when the letter of acceptance was mailed by Jim Walter Homes. Thus, the obligation to pay arose over a month prior to the transfer (the recording of the mortgage). The appellant contends that the land sales contract was executory and that the debtor's obligation did not arise until recordation of the deed. Such an interpretation is incongruous with the plain language of the contract. Paragraph 3 of the sales contract provides a promise by the buyer to pay for the property by one of two methods—the execution of a promissory note or execution of an installment sales agreement. Although neither provision is deleted as instructed by the contract, it is clear that the debtors were obligated to pay, one way or the other. An enforceable debt had been created upon acceptance by Jim Walter Homes. Indeed, the Pitmans had already executed a corresponding promissory note and the mortgage, both of which were in the hands of Jim Walter Homes when acceptance was made. Immediate recordation of the deed was essential to preclude the creation of a preferential transfer. The appellants will not be heard to say that a 32–day-old debt is not antecedent. Jim Walter Homes, armed with all the documentation necessary to perfect its interest on September 14, 1984, has only itself to blame.

■ The appellant's alternative position, that the recordation of the mortgage was "substantially contemporaneous" with the creation of the debt is unpersuasive. Title 11, United States Code, § 547(c)(1) provides that the trustee may not avoid a transfer which is intended to be a contemporaneous exchange and *in fact was a substantially contemporaneous* exchange. Undoubtedly, Jim Walter Homes and the Pitmans intended a contemporaneous exchange, but we agree with the bankruptcy judge that a 32–day gap between creation of the contract and recordation of the mortgage excludes the concept of substantial contemporaneousness.

Finally, appellant argues that the "transfer" of real property took place only upon recordation of the warranty deed, not upon acceptance of the contract. A transfer is not made until the debtor acquires rights in the property transferred. 11 U.S.C. § 547(e)(3). Kentucky case law provides that equitable title passes to the purchaser when a land sales contract is entered and that there is no practical distinction between a land sale contract and a purchase money mortgage. *See Sebastian v. Floyd,* 585 S.W.2d 381 (Ky.1979). The cases relied upon by appellant for the premise that delivery of a deed is a prerequisite to an effective transfer of an interest in land are distinguishable and uncontrolling in that they do not address the situation where a warranty deed has been preceded by a land sales contract. In that context, *Sebastian* is unequivocal in stating that equitable rights pass upon execution of the contract.

In summary, we find that the security interest of Jim Walter Homes should be avoided as a preferential transfer, and we

therefore affirm the decision of the bankruptcy court.

An appropriate order shall be entered.