RENDERED: MARCH 11, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0267-MR

CHRISTY ROSE WHITMORE                                                APPELLANT

v.
APPEAL FROM GRAYSON CIRCUIT COURT
HONORABLE BRUCE T. BUTLER, JUDGE
ACTION NO. 18-CI-00186

ERIC DREW WHITMORE                                                    APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; DIXON AND JONES, JUDGES.

DIXON, JUDGE: Christy Rose Whitmore appeals the findings of fact,

conclusions of law, and judgment/order adopted by the Grayson Circuit Court on

February 4, 2021. After careful review of the briefs, the record, and the law, we

reverse and remand.

**BACKGROUND FACTS AND PROCEDURAL HISTORY**

Christy and Eric Drew Whitmore were married in 1993. In June 2018, Eric petitioned for a dissolution of marriage and, as part of those proceedings, claimed a nonmarital interest in land located at 137 Kim Lane. Christy counterclaimed that the land was marital property with the exception of $13,000, with interest, for which she sought reimbursement as her nonmarital property.

The parties had entered a "Rental-Purchase Contract" regarding the land with Eric's parents, Fred and Mildred Whitmore (collectively "the Whitmores") in May 2002. Pursuant to the contract, Christy made a down payment of $13,000, which she traced to proceeds from the sale of land she had inherited, toward the $36,000 purchase price. The contract provided that the deed would issue after final payment and that failure to fulfill the terms voided the contract. The parties did not pay as required by the contract. In 2007, the parties entered a new agreement for $20,000, which included the outstanding balance on the land as well as a personal loan to Christy. After August 2009, the parties stopped making payments, and the Whitmores claim an outstanding indebtedness on the land of approximately $9,985.[1] On April 25, 2018, in consideration of their

_____

[1] The Whitmores did not intervene in the dissolution.

love and affection, the Whitmores deeded the land to Eric. Two months thereafter, Eric initiated these proceedings.

The domestic relations commissioner ("DRC") issued a report concluding that the land was a nonmarital gift to Eric and that Christy was not entitled to reimbursement. Over Christy's objection, the court adopted the report, and this appeal timely followed. Additional facts will be introduced as they become relevant.

## STANDARD OF REVIEW

The disposition of property in a dissolution of marriage action is governed by KRS[2] 403.190 which instructs courts to assign to each party their own nonmarital property and to divide marital property in just proportions. All property acquired subsequent to marriage is presumed to be marital. *Id.* at (3). Relevant exceptions to this presumption are where property was acquired as a gift or in exchange for nonmarital property. *Id*. at (2)(a)-(b). A party claiming that property, or an interest therein, acquired during the marriage is nonmarital bears the burden of proving an exception by clear and convincing evidence. *Barber v. Bradley*, 505 S.W.3d 749, 755 (Ky. 2016). Clear and convincing evidence is "proof of a probative and substantial nature carrying the weight of evidence sufficient to

---

[2] Kentucky Revised Statutes.

convince ordinarily prudent-minded people." *Id.* (quoting *Rowland v. Holt*, 253 Ky. 718, 70 S.W.2d 5, 9 (Ky. 1934)).

On appeal, the court's factual findings will not be disturbed unless clearly erroneous, and due regard is given to the court's credibility determinations. CR[3] 52.01. "Findings of fact are not clearly erroneous if supported by substantial evidence. Substantial evidence is that evidence which, when taken alone or in light of all the evidence, has sufficient probative value to induce conviction in the minds of reasonable people." *Weinberg v. Gharai*, 338 S.W.3d 307, 312 (Ky. App. 2011) (citing *Kentucky State Racing Comm'n v. Fuller*, 481 S.W.2d 298, 308 (Ky. 1972)). We review *de novo* the court's application of law to the facts. *Id.* With these standards in mind, we turn to Christy's arguments on appeal.

## ANALYSIS

For her only argument on appeal, Christy contends that the court erred in determining that the land at issue was Eric's nonmarital property as a result of the Whitmores' conveyance of it to him as a gift. In challenging this conclusion, Christy does not contest that the Whitmores intended to gift the land to Eric; rather, citing *Sebastian v. Floyd*, 585 S.W.2d 381 (Ky. 1979), she argues that the Whitmores were precluded from making a valid absolute conveyance of the land

---

[3] Kentucky Rules of Civil Procedure.

by virtue of the "Rental-Purchase Contract," which she characterizes as a land sale contract. We agree with Christy that the court erred.

It is axiomatic that a deed cannot convey a greater interest than that which is owned by the grantor. KRS 381.150 instructs that a deed purporting to convey an estate greater than that owned by the grantor is limited in effect to only that which the grantor can lawfully convey. *See also York v. Perkins*, 269 S.W.2d 242 (Ky. 1954). Further, where a land sale contract is used to finance the purchase of property, "equitable title passes to the buyer when the contract is entered[, and t]he seller holds nothing but the bare legal title, as security for the payment of the purchase price." *Sebastian*, 585 S.W.2d at 382. Accordingly, if the "Rental-Purchase Contract" is a land sale contract, as a matter of law the parties' interest in the property was unaltered by the Whitmores' attempt to make an absolute conveyance, and consequently, Eric cannot show by clear and convincing evidence that the property was *in toto* his nonmarital property.

Eric argues, without citation to any supportive evidence, that the order should be affirmed because the contract was for rent, not purchase, of the land. While this argument is less than convincing given the evidence, the court made no finding as to the nature of the contract. Instead, the court concluded that the contract had been voided by non-payment and that the parties had forfeited their interest in the land. If, as seems clear from the evidence, the parties entered a land

sale contract, the court's conclusion is in direct contravention of the express holding in *Sebastian*, 585 S.W.2d 381, and cannot serve as a basis to affirm. Ultimately, without a determination as to the nature of the contract, the court's findings are insufficient to support its conclusion that the land was a nonmarital gift, and we must reverse and remand. Furthermore, as the court's resolution of this issue is inextricably linked to Christy's remaining claims on appeal, we likewise reverse and remand on these claims as well.

## CONCLUSION

Therefore, and for the forgoing reasons, the judgment and order of the Grayson Circuit Court is REVERSED, and this matter is REMANDED for further proceedings consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Douglas E. Miller
Radcliff, Kentucky

BRIEF FOR APPELLEE:

Phillip W. Smith
Leitchfield, Kentucky