RENDERED: JANUARY 6, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0655-MR

WILLIAM DONALD CLARK                        APPELLANT


                APPEAL FROM NELSON CIRCUIT COURT
v.           HONORABLE CHARLES C. SIMMS, III, JUDGE
                 ACTION NO. 14-CI-00361


MARY MARGARET CLARK (NOW
OSBORNE)                              APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, GOODWINE, AND JONES, JUDGES.

CALDWELL, JUDGE: William Donald Clark appeals from the denial of his

motion for an extension of time to comply with a court order to remove his

personal property from his ex-wife's real property. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In late 2016, the Nelson Circuit Court entered a decree dissolving the

marriage of William Donald Clark and Mary Margaret Clark (now Osborne). For

clarity, we refer to the parties by their current surnames. The divorce decree incorporated the parties' mediated settlement agreement ("the agreement").

The agreement provided that a specified real estate parcel ("the premises") would be Osborne's sole property,[1] but that Clark would have some access to the premises and responsibility for upkeep and expenses until January 1, 2018. Specifically, Clark would have access to "acreage and barns/shops" on the premises for business purposes until January 1, 2018. Clark had to pay for related expenses such as all or part of the property taxes, water and electric bills, and property insurance for the years 2016 and 2017. Clark also had to maintain the land and barns/shops including such activities as bush-hogging and maintaining driveways and fencing until January 1, 2018.

In addition to these terms about Clark's access and responsibilities to the premises until January 2018, the agreement set forth Clark's responsibilities when vacating the premises. Specifically, Clark was required to clean the premises; to clear out "all equipment, cattle structures and junk"; to "take all cattle equipment" and to remove "the machine shop and shed," to restore the barns to

---

[1] The agreement provided that each party was responsible for preparing the quitclaim deed for the property he/she received. In Osborne's brief, she asserted that Clark quitclaimed the premises to her following the execution of the agreement and its incorporation into the divorce decree. The quitclaim deed to the premises does not appear to be included in the record on appeal. But Clark has not denied having quitclaimed the premises to Osborne.

their condition prior to the "attachment of these structures" and to "tear up the concrete and level the land back out where said structures were."

Despite the January 2018 deadline for Clark to vacate, and his responsibilities set forth in the the agreement, Clark continued to use the premises for another couple of years rather than clearing out his property by 2018. According to Clark, the parties had an informal oral agreement for his continued access and he paid many expenses. But according to Osborne, she repeatedly asked him to vacate and he was damaging the premises and refused to pay rent.

In early February 2021, Osborne filed a motion with a supporting affidavit to hold Clark in contempt. She alleged Clark had violated the agreement by failing to vacate the property for over two years past the January 2018 deadline and by failing to maintain the premises. She requested Clark's immediate removal from the property and "an award of the fair rental value of the property from the date that [Clark] first failed to vacate to the present[.]"

The trial court conducted an evidentiary hearing on Osborne's motion in late February and entered a written order on March 1. It took note of the agreement provisions about the premises. It found Osborne continued to occupy a residence on the premises while Clark continued to use the premises for business purposes. And it acknowledged Clark's testimony about continuing to expend about $7,000 a month on the premises for taxes, insurance, and maintenance. It

took note that Osborne had recently disclosed the possibility of a pending sale of the premises. The trial court also noted Osborne's request that Clark be ordered to hire a mover and remove all his things within ten days, and Clark's request for ninety days to move his business operation.

The trial court held "it is appropriate to handle this matter as if the parties had a month-to-month lease arrangement" after considering all the evidence. So, the court imposed a thirty-day deadline until March 31 for Clark to vacate the premises. In explaining this decision, the trial court noted Clark had substantial property to move and several obligations under the agreement to perform and the weather had recently been unpredictable.

The trial court also held Clark responsible for paying property taxes for January through March 2021 and for insurance, electricity, and water costs through the end of March. But it denied Osborne's request for rent from January 1, 2018, to the present.[2] It set the matter for review on April 7, 2021.

On or about March 30, 2021, Osborne filed a motion requesting additional relief including a court order barring Clark from having any further access to the property. She alleged that Clark had failed to even begin to remove

---

[2] Osborne had requested the trial court to order Clark to pay $1,250 monthly rent from January 1, 2018, until the present. In denying this request, the trial court stated Osborne failed to produce text messages in which she requested Clark pay rent or demanded that he vacate.

any equipment, structures or junk from the property; failed to perform maintenance or restoration activities; and still had cattle on the property.

On April 8, 2021, the trial court entered a written order following a hearing on the 7. It stated Clark had previously been ordered to vacate Osborne's property by March 31 and to comply with his obligations under the agreement. The trial court also took note that Clark denied "he has failed to comply" but admitted to not yet removing a boom vehicle or manlift because the vehicle needed a part and that Clark told the court the vehicle was "the only remaining item that he desires to remove" from the premises.

Under the April 8 written order, Clark was enjoined from entering the premises except for removing the vehicle at a specified date and time. The trial court prohibited Clark from removing any other property or performing any action on the premises other than removing the vehicle. And it stated: "All other structures, fixtures and property shall remain with the land." The trial court also granted Clark's counsel's motion to withdraw, noted Clark's request for more time to get new counsel, and set the matter for review on April 30.

On or about April 30, Clark (by his new counsel) filed a motion for extension of time through June 30 to remove the shop building and machine shed and various items of personal property including horse stalls, a dog pen, gates, and assorted parts in the shop. The trial court conducted an evidentiary hearing on

April 30 and considered Clark's request for an extension. Clark indicated at the hearing he would shorten the extension request until June 15th in light of Osborne's pending sale of the premises.

In early May 2021, the trial court entered a written order denying this motion for an extension of time.[3] After summarizing the case's procedural history it noted Clark's list of several other items of his property remaining on the premises in his motion – despite Clark's prior statement that the manlift vehicle was his only remaining property on the premises. It found that Clark had removed the vehicle – on a different date and time than the court ordered. It also found that parts of the premises appeared to be in disrepair and that Clark had left on the premises "a number of items on the property, including old tires, drums filled with oil, a pallet of fertilizers, an abandoned vehicle, junk piles, etc."

In addition to these factual findings, the written order also explained the trial court's reasoning for denying Clark relief as follows:

> This Court finds that [Clark] has had sufficient time to
> vacate the premises, and that [Clark] has failed to comply
> with that time period. As a result, this Court finds that
> [Clark] has abandoned all remaining items. In addition,
> the Court is compelled to protect the integrity of the
> judicial process from a party taking inconsistent
> positions. On April 7, 2021, [Clark] claimed to have
> only one item left to remove – the "manlift." However,

---

[3] Within this same written order, the trial court also denied Osborne's requests for an award of damages and for attorney's fees. It also ordered Clark to pay $200 to Osborne for one half of her costs to move items off the property before she sold the property.

> [Clark] has now contradicted his previous position by claiming to have a number of other items. In addition, [Clark's] motion appears to be premised upon him learning that [Osborne] was selling his abandoned items.

The order concluded with a provision stating it was "final and appealable with no just reason for delay," and Clark appealed.

## ANALYSIS

**Preservation May be Questionable**

Clark argues on appeal that the trial court's denial of his motion for an extension resulted in a forfeiture of his personal property. He states in his brief that the issue of forfeiture was preserved by his motion for an extension. His written motion for an extension does not explicitly discuss any forfeiture issue or cite any law about forfeiture, however. At the hearing, Clark's counsel simply orally argued that denying the extension would result in a forfeiture and that the law abhors a forfeiture without citing any specific authority.

Clark's oral forfeiture argument to the trial court was not well-developed and he did not ask the trial court for an opportunity to brief the forfeiture issue. The trial court did not discuss forfeiture in its order denying his extension motion, as his brief notes. And Clark did not seek further explanation from the trial court before filing his appeal. So, it appears questionable to us whether any forfeiture issue was truly brought to the trial court's attention and properly preserved. *See MV Transp., Inc. v. Allgeier*, 433 S.W.3d 324, 331 (Ky.

-7-

2014) ("the critical point in preservation of an issue remains: was the question fairly brought to the attention of the trial court.").

**Forfeiture Not Mentioned in Prehearing Statement**

Although Osborne does not argue that the forfeiture issue is not preserved for appeal, she points out that Clark's prehearing statement did not identify any issues about forfeiture in the appeal.

RAP[4] 22(C)(2) provides: "A party shall be limited on appeal to issues identified in the prehearing statement, except that upon a timely motion demonstrating good cause, the Court of Appeals may permit additional issues to be raised." Clark did not file a motion to submit additional issues. And Clark did not file a reply brief so he did not respond to Osborne's pointing out the lack of mention of a forfeiture issue in his prehearing statement or the implication that the forfeiture issue may not be properly before this Court.

Despite the lack of discussion of forfeiture in the prehearing statement or in the trial court's order denying the extension, Clark at least briefly raised a forfeiture argument to the trial court. And Clark generally argued denial of the extension was improper in his prehearing statement. But even generously laying aside any questions about preservation or the failure to mention forfeiture in the prehearing statements, we conclude Clark is not entitled to relief on appeal.

---

[4] Kentucky Rules of Appellate Procedure.

# STANDARD OF REVIEW

Clark's appeal is from the trial court's denial of his motion for an extension of time to comply with its previous order. We review this denial of his request for an extension of time to comply with the prior order for abuse of discretion. *See* CR[5] 6.02(b) (when a court order requires an act be completed by a specified time, the court has discretion to enlarge the time period for compliance subject to certain limitations).

Though we review the trial court's denial of the extension request for abuse of discretion, we review any underlying factual findings for clear error and the trial court's conclusions on questions of law *de novo*. *Block v. Block*, 252 S.W.3d 156, 159 (Ky. App. 2007). Interpretation of legal authority and of settlement agreements are questions of law subject to *de novo* review. *Adamson v. Adamson*, 635 S.W.3d 72, 77 (Ky. 2021).

**Forfeiture Argument**

Clark points out that the mediated settlement agreement contains no provision calling for forfeiture if he failed to timely remove his personal property. And Clark asserts the parties did not "contemplate forfeiture" upon an "oral extension of the time" for him to vacate the premises. He contends the trial court's

---

[5] Kentucky Rules of Civil Procedure.

denial of "a short and final extension of time to remove the property" amounted to an improper forfeiture. (Appellant brief, p. 8.) We disagree with this contention.

Clark notes that Kentucky courts have rejected attempts to imply forfeiture provisions in landlord-tenant disputes, citing *Parsons v. Ball*, 266 S.W. 649, 650 (Ky. 1924) (since lease did not contain term requiring forfeiture of leased premises or rights under the lease for failure to keep premises in proper repair, landlord's refusal to renew the lease based on tenant's alleged failure to keep in proper repair was not justified and court refused to imply a forfeiture provision). *Clark* also cites precedent construing forfeiture clauses in real estate installment contracts as simply intended to provide security rather than strictly enforcing forfeiture clauses. *See Sebastian v. Floyd*, 585 S.W.2d 381 (Ky. 1979); *Real Estate and Mortgage Co. of Louisville v. Duke*, 251 Ky. 385, 65 S.W.2d 81 (1933).

But as Osborne suggests, this case is distinguishable from such cases as *Parsons v. Ball* and *Sebastian v. Floyd*. Those cases involved questions of whether to imply or enforce a forfeiture clause in a lease or a real estate installment sale contract. But here any forfeiture of the property Clark sought to retrieve would stem from his not complying with court-imposed deadlines to remove his property from the premises.

The real issues here are whether the trial court abused its discretion in denying the motion for an extension to comply with its earlier order and whether it

-10-

misapplied legal authority in determining that Clark had abandoned any items belonging to him.

**No Abuse of Discretion in Denying Time Extension**

Clark indisputably failed to timely comply with the trial court's order to remove his personal property by March 31 despite being informed by early February of Osborne's request for him to vacate and being informed of the trial court's March 31 deadline a month beforehand. And he did not even file his motion for an extension of time to comply with the March 31 deadline before March 31. Instead, he filed his motion for an extension on or about April 30 and contrary to prior representations to the court, indicated that he wished to remove a lot more than one vehicle from the premises and needed more time to do so.

Based on these facts, we discern no abuse of discretion in denying the request for further time to comply with the court order to remove Clark's property. Nor do we discern any misapplication of legal authority in the trial court's concluding Clark had abandoned his property by failing to remove it within the court-ordered deadline.

**No Misapplication of Law in Concluding Remaining Property was Abandoned**

Under the facts here, the trial court did not err in concluding that Clark had abandoned any property remaining on the premises by not timely complying with its order to vacate nor informing the court of any remaining

-11-

property other than the vehicle at the April 7 hearing.  *See Greer v. Arroz*, 330 S.W.3d 763, 765 (Ky. App. 2011) (appellants abandoned personal property left in foreclosed home when they failed to seek relief in the foreclosure action and did not demand the return of their personal property until after judicial sale of home).

**Denial of Extension Also Supported by the Doctrine of Laches**

The trial court's denial of Clark's request for the time extension is further supported by the doctrine of laches.  Clark was aware of Osborne's request for him to remove his property for her to prepare the premises for sale by February 2021.  And he told the court he had removed all the property he wished to keep – other than the vehicle he later retrieved – on April 7.  Thus, after his prior delays in removing his property, it would have been inequitable to allow him to reverse his April 7 position and to give him until June to remove additional possessions – especially since Osborne's contract to sell the property was noted at the April 7 hearing.  *See id*. at 766 (doctrine of laches "bars claims in circumstances where a party engages in unreasonable delay to the prejudice of others rendering it inequitable to allow that party to reverse a previous course of action").

Further arguments in the briefs which are not discussed herein have been determined to lack merit or relevancy to our resolution of this appeal.

## CONCLUSION

For the foregoing reasons, we AFFIRM.

ALL CONCUR.


BRIEF FOR APPELLANT:                BRIEF FOR APPELLEE:

Theodore H. Lavit                   Jason P. Floyd
Lebanon, Kentucky                   Bardstown, Kentucky